IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00530-WDM-CBS

QUSAIR MOHAMEDBHAI,

    Plaintiff,

v.

COMMERCIAL FEDERAL BANK, a federally chartered thrift institution headquartered in Omaha, Nebraska,
COLORADO CHEQUE CONNECTION, INC., a Colorado corporation, and
GENEVIEVE BABCOCK-ELDER,

    Defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS

Miller, J.

This matter is before me on two motions for partial summary judgment and a motion for sanctions. In the first motion, filed May 15, 2006, Defendants Colorado Cheque Connection, Inc. (CCC) and Genevieve Babcock-Elder (Babcock-Elder) ask for summary judgment on Plaintiff Qusair Mohamedbhai's (Mohamedbhai) claims for slander, slander per se, and intentional infliction of emotional distress / outrageous conduct. In the second motion, filed May 22, 2006, Mohamedbhai asks for summary judgment on the issue of liability under 42 U.S.C. § 1981. Finally, in the motion for sanctions, CCC and Babcock-Elder ask for sanctions under Fed. R. Civ. P. 11, claiming that Mohamedbhai's motion for partial summary judgment is frivolous. I have reviewed the parties' written arguments and their summary judgment evidence and find that oral argument is not required. For the reasons that follow, all three motions will be denied.

## Background[1]

The plaintiff in this case, Mohamedbhai, is a Canadian citizen and an attorney currently practicing in Denver, Colorado. He is also of East Indian descent, and acknowledges that he appears to be Arab in ethnicity. On May 29, 2004, Mohamedbhai went to one of Defendant Commercial Federal Bank, Inc.'s (Commercial Federal) branches to open a checking account. He was accompanied by a twenty-four year old Caucasian female, Janine Hilsher. Upon Mohamedbhai's request to open an account, Genesis Anderson (Anderson) a Commercial Federal employee, processed his application. Following standard procedures, Anderson contacted the two outside service bureaus with whom Commercial Federal had contracted to perform background checks on all new account applications. After the first service bureau reported no issues with Mohamedbhai's application, Anderson called Babcock-Elder, who is the sole owner of the second service bureau, CCC. At this point the parties versions of the facts diverge significantly.

According to both Mohamedbhai and Commercial Federal, Babcock-Elder raised several concerns about Mohamedbhai's application:

(a) he was not a U.S. citizen;

(b) his social security number…was recently issued and indicated a recent Florida residency which, in turn, corresponded with the residencies of a number of the September 11, 2001 terrorists;

(c) Mr. Mohamedbhai's production of a Canadian Provincial driver's license corresponded with the training ground and entry point of several of the September 11 terrorists;

---

[1] Unless otherwise noted, the background facts, drawn from the parties' factual statements and supporting evidence, appear to be undisputed.

2

>   (d) his inability to produce a local Colorado driver's license indicated that Commercial Federal should use caution; and
>
>   (e) Mr. Mohamedbhai's being accompanied by a Caucasian woman fit a terrorist practice of attempting to disguise themselves when applying for new bank accounts."

(Commercial Federal's Resp. Br., Docket No. 113, at 2; Mohamedbhai's Reply Br., Docket No. 130, at 2)  Anderson took this to be a recommendation to deny the application, which she did based solely upon Babcock-Elder's representations.

In addition, Mohamedbhai claims that as soon as Babcock-Elder heard his name, Anderson perceived her demeanor to be "standoffish," and that Babcock-Elder concluded, based on Mohamedbhai's "name and everything," that his attempt to open an account could be "terrorist-related."  Further, Babcock-Elder allegedly told Anderson that since it was Memorial Day weekend, Mohamedbhai could be in town to perform terrorist activities.

Babcock-Elder's version of events, however, is quite different.  Babcock-Elder generally denies any reference to race or terrorism at all, and claims that she merely gave Anderson a "caution code" because Mohamedbhai did not have a U.S. driver's license, and he had a recently issued (2000) social security card.

In any event, it is undisputed that Commercial Federal denied Mohamedbhai a checking account.  Thereafter, Mohamedbhai claims that he did not know that he was the victim of racial profiling at the time he left the bank.  However, about two months later Mohamedbhai claims that one of his friends, Dan Heidel (Heidel) attended a seminar presented by Babcock-Elder on banking safety and terrorism detection.  During this seminar, Heidel heard Babcock-Elder use Mohamedbhai as an example

case, specifically identifying Mohamedbhai as a terrorist, spelling out his first and last names, and claiming that eight years earlier, Mohamedbhai had funneled $180,000 for terrorism through a different bank.  Again, Babcock-Elder denies all of these allegations.

As a result, Mohamedbhai brings claims against all of the defendants for racial discrimination that prevented him from entering into a contract, in violation of 42 U.S.C. § 1981, and for intentional infliction of emotional distress / outrageous conduct.  In addition, Mohamedbhai has also sued CCC and Babcock-Elder for tortious interference with prospective contractual relations, slander, slander per se, libel, and libel per se.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'"  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Id.*

## Discussion

1.   <u>Mohamedbhai's Motion for Partial Summary Judgment</u>

I begin with Mohamedbhai's motion as it relates to Babcock-Elder and CCC. In support, Mohamedbhai presents three main arguments: (1) the undisputed facts demonstrate that summary judgment is appropriate; (2) Babcock-Elder's recently-filed affidavit[2] is unbelievable because it is inconsistent with her prior sworn testimony and other statements; and (3) Babcock-Elder willfully destroyed evidence.

In support of his first argument, Mohamedbhai presents as "undisputed" those facts that he and Commercial Federal substantially agree upon. Babcock-Elder, however, clearly disputes all of the facts essential to Mohamedbhai's claim. The mere fact that one defendant substantially agrees with Mohamedbhai's version of the facts clearly does not prevent the other two from disagreeing. Therefore summary judgment is not appropriate on this theory.

As for Mohamedbhai's second argument, it is not clear whether Mohamedbhai is arguing that Babcock-Elder's recently-filed affidavit should be disregarded as a sham, *see Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986), or whether Mohamedbhai is merely arguing that her credibility has been impeached to the point that no reasonable jury could credit her version of the facts. In either case, I disagree. In support of his argument, Mohamedbhai presents several instances where he argues that Babcock-Elder's statements have been inconsistent. To the extent that Mohamedbhai argues a sham, I find no direct inconsistencies between her deposition

---

[2] This affidavit, which Babcock-Elder relies heavily upon for her version of the facts, was signed on June 12, 2006, after Mohamedbhai filed his motion for summary judgment. (Babcock-Elder Aff., Ex. D to CCC & Babcock-Elder's Response Br., Docket No. 114)

5

testimony and the affidavit,[3] and conclude that the considerations discussed in *Franks* do not justify disregarding Babcock-Elder's affidavit.  And, although a review of Babcock-Elder's prior statements may impeach her credibility to some degree, they do not do so to the extent that no reasonable jury could believe her.

Finally, Mohamedbhai argues that, even after he asked her to preserve all evidence relating to this matter, Babcock-Elder nonetheless willfully destroyed evidence.  Such an allegation certainly raises serious concerns.  However, upon closer inspection it is apparent that Mohamedbhai is vastly overstating the importance of this "willful destruction."  Mohamedbhai's only evidence of destruction of evidence comes from Babcock-Elder's deposition, where she admitted that sometime after the call from Commercial Federal, she went back and added a note onto CCC's electronic records saying that she wanted to personally receive all calls regarding this matter.  Adding this note in turn caused the date stamp associated with the record to be changed from the date of the call to the date the note was added.  But, since the date of the call is completely undisputed in this case, Mohamedbhai cannot show prejudice from this alteration, or that such "destruction" gives rise to an inference that Babcock-Elder was hiding something.

In sum, after considering all of the parties' arguments and evidence, this case clearly involves genuine issues of material fact on the issue of CCC and Babcock-Elder's liability under § 1981.  Summary judgment is therefore not appropriate.

---

[3] I do, however, find direct inconsistencies between Babcock-Elder's deposition testimony and a response to an interrogatory, and between her deposition testimony and a letter to Mohamedbhai's counsel.  But such inconsistencies, while relevant to Babcock-Elder's credibility and the question of whether any reasonable jury could believe her, are not grounds for finding her affidavit a sham.

As it relates to Commercial Federal, however, Mohamedbhai's motion for summary judgment is somewhat stronger because, as indicated above, these parties agree on many more of the essential facts. Indeed, Mohamedbhai argues that these agreements are sufficient to conclusively establish Commercial Federal's liability under either a "cat's paw" or a "rubber stamp" theory. *See EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476 (10th Cir. 2006). In support, Mohamedbhai principally argues that race was clearly a motivating factor in Commercial Federal's decision because Commercial Federal cites his being accompanied by a Caucasian woman as one of the factors leading it to deny his application.

I disagree. As Mohamedbhai concedes (Pl.'s Motion, Docket No. 108, at 11), to prevail on his claim he must show that *but for* his race, he would not have been denied a checking account. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1111 (10th Cir. 2001). While Commercial Federal's admissions demonstrate that race was *a* factor in their decision, they do not necessarily demonstrate that Mohamedbhai would have been granted a checking account if, all other factors being equal, he were white. And, having considered all of the parties summary judgment evidence and arguments, I find that a reasonable jury could conclude that Mohamedbhai's race was not the "but for" cause of Commercial Federal's decision. Therefore Mohamedbhai is not entitled to summary judgment.[4]

2.   CCC and Babcock-Elder's Motion for Partial Summary Judgment

---

[4] Because the foregoing reasons sufficiently demonstrate that Mohamedbhai is not entitled to summary judgment, I need not decide whether, and to what degree, the "cat's paw" and "rubber stamp" theories adopted by the Tenth Circuit in Title VII cases, *BCI Coca-Cola* 450 F.3d at 476, should be extended to § 1981 cases.

CCC and Babcock-Elder ask for summary judgment on Mohamedbhai's claims for slander, slander per se, and intentional infliction of emotional distress / outrageous conduct. But, while they make a conclusory request for summary judgment regarding the intentional infliction of emotional distress / outrageous conduct claim, they completely fail to develop an argument supporting such a ruling. Their motion will therefore be denied as to this claim.

As to slander and slander per se, however, CCC and Babcock-Elder present a single argument. They argue that Mohamedbhai's allegation that Babcock-Elder once referred to him as a "camel-jockey," in and of itself is not sufficient to constitute slander. However, as Mohamedbhai explains, and as is apparent from his Complaint, Mohamedbhai's claims for slander are not based upon this single allegation, but rather are based primarily upon Babcock-Elder's alleged comments about Mohamedbhai at a seminar. Mohamedbhai merely argues that the "camel-jockey" comment is relevant to Babcock-Elder's intent. And, since CCC and Babcock-Elder's motion makes no attempt to demonstrate how the seminar comments are insufficient to support Mohamedbhai's slander and slander per se claims, this motion will be denied.

3.   CCC and Babcock-Elder's Motion for Sanctions

Finally, CCC and Babcock-Elder ask for sanctions under Fed. R. Civ. P. 11 claiming that Mohamedbhai's motion for partial summary judgment is frivolous. Although Mohamedbhai's motion will be denied for the reasons discussed above, I do not conclude that it is so frivolous, groundless, or vexatious as to warrant sanctions. Indeed, if any of the motions for summary judgment suffered from these defects, it was CCC and Babcock-Elder's.

Accordingly, it is ordered:

1. Plaintiff's motion for partial summary judgment, filed May 22, 2006 (Docket No. 108) is denied.

2. Defendants' motion for partial summary judgment, filed May 15, 2006 (Docket No. 102), is denied.

3. Defendants' motion for sanctions, filed June 12, 2006 (Docket No. 115), is denied.

4. The case remains pending for trial on all of Plaintiff's claims.

DATED at Denver, Colorado, on March 13, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge